UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
COREY RODRIGUEZ

                                Plaintiff(s),

        -against-

CITY OF NEW YORK, STEVEN MORAN, P.O. AND POLICE OFFICERS "JOHN DOE 1-3", as fictitious names of real individuals whose true identities are unknown at the present time

                                Defendant(s).
------------------------------------------------------------------X

CIVIL ACTION #:

COMPLAINT

Plaintiff, by his attorneys, **GREENBERG & STEIN, P.C.**, complaining of the Defendants, respectfully alleges, upon information and belief:

## STATEMENT OF JURISDICTION

1. That at the time of the commencement of this action, Plaintiff **COREY RODRIGUEZ** resided in the County of New York, City and State of New York.

2. That this action falls within one or more of the exceptions set forth in CPLR §1602.

3. That on February 22, 2014, and at all times herein mentioned, Defendant **THE CITY OF NEW YORK** was, and still is, a municipal corporation.

4. That at all times hereinafter mentioned, Defendant **THE CITY OF NEW YORK** maintained, controlled, operated and supervised the New York City Police Department.

5. That the cause of action alleged herein arose within the Southern District of New York.

6. That at all times hereinafter mentioned, Defendant **THE CITY OF NEW YORK**

maintained the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, Defendant **THE CITY OF NEW YORK**.

7. That at all times hereinafter mentioned, Defendants **POLICE OFFICERS STEVEN MORAN AND "JOHN DOE(S)" 1-3** were, and still are, duly sworn police officers, employees of the Defendant **CITY OF NEWYORK** and were acting under the supervision of said department and according to their official duties.

8. At all times hereinafter mentioned, the Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

9. Each and all of the acts of the Defendants **POLICE OFFICERS STEVEN MORAN AND "JOHN DOE(S)" 1-3**, individually and in their official capacities, alleged herein were done by said defendants while acting within the scope of their employment by Defendant **THE CITY OF NEW YORK**.

10. Each and all of the acts of the Defendants **POLICE OFFICERS STEVEN MORAN AND "JOHN DOE(S)" 1-3**, individually and in their official capacities, alleged herein were done by said defendants while acting within the furtherance of their employment by Defendant **THE CITY OF NEW YORK**.

11. That prior hereto on May 15, 2014, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with Plaintiff's demands for adjustment thereof was duly served on the claimant's behalf on the Comptroller for the City of New York and that thereafter said

Comptroller for the City of New York refused or neglected for more than thirty (30) days, and up to the commencement of this action, to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

12. That on July 18, 2014, Plaintiff **COREY RODRIGUEZ** appeared for a hearing pursuant to the General Municipal Law 50-H which was held at the offices of the Comptroller of the City of New York or of its designated agent.

13. That this action is being commenced within one year and ninety days after accrual of this cause of action, or within the time allowed by law.

## STATEMENT OF THE FACTS

14. That on February 22, 2014, and at all times herein mentioned, a public thoroughfare and sidewalk portions thereto existed in the County of New York, City and State of New York known as Broadway at or near its intersection with West 137th Street, Manhattan.

15. That on February 22, 2014, the Defendants **CITY OF NEW YORK**, its agents, servants and/or employees to wit **POLICE OFFICERS STEVEN MORAN AND "JOHN DOE(S)" 1-3,** while acting under the color of State Law, acting pursuant to the policies and practices set by the executive and/or legislative branches of the government of the Defendant **CITY OF NEW YORK** while engaging in a pattern of behavior condoned and/or permitted by the executive and/or legislative branches of the government of the Defendant **CITY OF NEW YORK** and while in the furtherance of their duties as police officers, intentionally, willfully and recklessly attacked and struck Plaintiff on or about head, stomach, back, arms, shoulders, elbows, wrists and the rest of his body with their hands, fists and/or equipment, pushing and shoving him onto the police cruiser without provocation.

16. That at and/or about that time and place, the Defendants **POLICE OFFICERS STEVEN MORAN AND "JOHN DOE(S)" 1-3** handcuffed Plaintiff **COREY RODRIGUEZ**, arms tightly behind his back.

17. Thereafter Plaintiff was transferred to a nearby police precinct.

18. At no time did the Defendant officers possess probable cause to arrest the Plaintiff.

19. At no time did the defendant officers possess information that would lead a reasonable officer to believe s/he had probable cause to arrest the Plaintiff.

20. As a direct result of his unlawful arrest and the unlawful acts of the defendants, Plaintiff spent approximately 24 hours in custody.

21. At no time did the Defendant officers read Miranda Rights to Plaintiff.

22. Despite defendants actions all charges against Plaintiff were dismissed in their entirety.

23. As a result of the foregoing, Plaintiff sustained, inter alia, physical pain, mental anguish, shock, fright, apprehension, embarrassment, humiliation and deprivation of his constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION FOR DEPRIVATION OF FEDERAL RIGHTS UNDER 24 U.S.C. §1983

24. Plaintiff repeats, re-alleges and reiterates each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

25. That on or about February 22, 2014 the Defendant **CITY OF NEW YORK**, its agents, servants and/or employees to wit, **POLICE OFFICERS STEVEN MORAN AND "JOHN DOE(S)" 1-3** conspired to and did violate the civil rights and civil liberties of the Plaintiff **COREY**

**RODRIGUEZ** in violation of Title 42 U.S.C § 1981 & 1983 *et seq.*, the United States Constitution and Bill of Rights, and the New York State Constitution.

26. That the violation of the Plaintiff **COREY RODRIGUEZ's** civil rights resulted from the assault and wrongful acts by the Defendant **CITY OF NEW YORK**, its agents, servants and/or employees to wit, **POLICE OFFICERS STEVEN MORAN AND "JOHN DOE(S)" 1-3** upon Plaintiff **COREY RODRIGUEZ,** in violation of the Title 42 U.S.C. §1983 and §1981 *et seq.,* the United States Constitution and Bill of Rights.

27. That on or about February 22, 2014, Defendant **CITY OF NEW YORK**, its agents, servants and/or employees to wit, **POLICE OFFICERS STEVEN MORAN AND "JOHN DOE(S)" 1-3,** did violate the civil rights and civil liberties of the Plaintiff **COREY RODRIGUEZ** in violation of Title 42 U.S.C §1983 and §1981 *et seq.,* the United States Constitution and Bill of Rights.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

30. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION FOR ASSAULT AND BATTERY UNDER NEW YORK LAW

31. Plaintiff repeats, re-alleges and reiterates each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

32. That at the aforesaid place and time Defendants **CITY OF NEW YORK**, its agents, Servants and/or employees to wit, **POLICE OFFICERS STEVEN MORAN AND "JOHN DOE(S)" 1-3** individually and in their official capacities did cause plaintiff to be unlawfully assaulted and battered.

33. That the violation of the Plaintiff **COREY RODRIGUEZ** civil rights resulted from the repeated punching, striking and restraining of Plaintiff **COREY RODRIGUEZ** with the hands, fists and from slamming him onto police cruiser while he was handcuffed by **POLICE OFFICERS STEVEN MORAN AND "JOHN DOE(S)" 1-3.**

34. That the above-mentioned violations occurred pursuant to a policy and/or practice, both active and passive, established by the executive and/or legislative branch of the government of the Defendant **CITY OF NEW YORK**, which directed, encouraged and/or condoned the actions of the agents', servants' and/or employees' of the Police Department of the City of New York to falsely and without probable cause assault and attack the citizens of the State of New York including Plaintiff, **COREY RODRIGUEZ**.

35. As a result of the aforesaid assault and battery, Plaintiff was severely and seriously injured, both physically and mentally and is entitled to damages in excess of the monetary jurisdictional limits of all lower courts.

## AS AND FOR A THIRD CAUSE OF ACTION FOR FALSE ARREST AND IMPRISONMENT UNDER NEW YORK LAW

36. Plaintiff repeats, re-alleges and reiterates each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

37. As a result of the aforesaid conduct by the Defendants, Plaintiff was subjected to illegal, improper and false arrest by the Defendants, taken into custody, and caused to falsely imprisoned, detained and confined without probable cause, privilege or consent.

38. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety and he was humiliated and subjected to handcuffing, "strip search" while handcuffed, and other physical restraints, all without probable cause.

39. As a result of the foregoing, Plaintiff was caused to sustain physical and emotional injuries and is entitled to damages in an amount exceeding the monetary jurisdictional limits of all lower Courts.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR MALICIOUS PROSECUTION UNDER NEW YORK LAW

40. Plaintiff repeats, re-alleges and reiterates each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

41. Defendants misrepresented and falsified evidence before the New York County District Attorney.

42. Defendants did not make a complete and full statement of facts to the District Attorney.

43. Defendants withheld exculpatory evidence from the District Attorney.

44. Defendants were directly and actively involved in the initiation of criminal

8

proceedings against Plaintiff.

45. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

46. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

47. Defendants were directly and actively involved in the continuation of criminal proceedings against the Plaintiff.

48. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

49. Defendants misrepresented and falsified evidence throughout all phases of criminal proceedings.

50. Specifically, Defendants falsely, maliciously and knowingly alleged that Plaintiff was urinating in public on February 22, 2014.

51. Notwithstanding the perjurious and fraudulent conduct of the Defendants, the criminal charges were dismissed in their entirety.

52. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, assaulted and battered, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

53. By reason of all of the foregoing, Plaintiff is entitled to damages in an amount exceeding the monetary jurisdictional limits of all lower courts.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER NEW YORK LAW

54. Plaintiff repeats, re-alleges and reiterates each and every allegation set forth above

with the same force and effect as if fully set forth herein and at length.

55. The aforementioned conduct, including but not limited to the aforementioned restriction of Plaintiff's liberties for an extended period of time, placing the Plaintiff in fear for his safety, and humiliating and subjecting the Plaintiff to physical restraints were extreme and outrageous and exceeded all reasonable bounds of decency.

56. The aforementioned conduct was committed by the individually named Defendants while actin within the scope of their employment with the Defendant **THE CITY OF NEW YORK**.

57. The aforementioned conduct was committed by Defendants while acting in furtherance of their employment with the Defendant **THE CITY OF NEW YORK**.

58. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to Plaintiff.

59. As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress and physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR NEGLIGENT HIRING, TRAINING AND RETENTION UNDER NEW YORK LAW

60. Plaintiff repeats, re-alleges and reiterates each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

61. Defendant **THE CITY OF NEW YORK** and the New York City Police Department, through their agents, servants, and/or employees, were negligent in the screening,

hiring, training, retention and supervision of its employees and failed to take such necessary and proper steps as to prevent the occurrence described above.

62. As a result of the foregoing, Plaintiff's liberties were restricted for an extended period of time, he was put in fear for his safety and he was humiliated and subjected to physical restraints, including handcuffing, "strip search" while handcuffed and other physical restraints, without probable cause, privilege or immunity.

63. By reason of the foregoing, Plaintiff is entitled to damages in excess of the monetary jurisdictional limits of all lower courts.

## AS AND FOR A SEVENTH CAUSE OF ACTION FOR FALSE ARREST UNDER 42 U.S.C. §1983

64. Plaintiff repeats, re-alleges and reiterates each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

65. As a result all of the aforementioned acts of Defendants, their agents, servants and employees were carried out under the color of state law.

66. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 24 U.S.C. §1983.

67. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

68. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices,

procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

69. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR THE EIGHTH CAUSE OF ACTION FOR MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

70. Plaintiff repeats, re-alleges and reiterates each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

71. Defendants misrepresented and falsified evidence before the New York County District Attorney.

72. Defendants did not make a complete and full statement of facts to the District Attorney.

73. Defendants withheld exculpatory evidence from the District Attorney.

74. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

75. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

76. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

77. Defendants were directly and actively involved in the continuation of criminal proceedings against the Plaintiff.

78. Defendant lacked probable cause to continue criminal proceedings against

Plaintiff.

79. Defendants misrepresented and falsified evidence throughout all phases of criminal proceedings.

80. Specifically, Defendants falsely, maliciously and knowingly alleged that Plaintiff was urinating in public on February 22, 2014.

81. Notwithstanding the perjurious and fraudulent conduct of the Defendants, the criminal charges were dismissed in their entirety.

82. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## AS AND FOR A NINTH CAUSE OF ACTION FOR UNLAWFUL SEARCH UNDER 42 U.S.C. §1983

83. Plaintiff repeats, re-alleges and reiterates each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

84. As a result of the foregoing Plaintiff was subjected to an unreasonable and intrusive search of his person that shocks the conscience in violation of his right to due process and to be free from unreasonable search as secured by the Constitution of the United States.

85. As a result of the aforesaid conduct by Defendants, Plaintiff's person and possessions were illegally, improperly and unreasonably searched without a valid warrant, probable cause, privilege or consent, in violation of his constitutional rights as secured by United States Constitution.

## AS AND FOR A TENTH CAUSE OF ACTION FOR RELIEF FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

86. Plaintiff repeats, re-alleges and reiterates each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

87. Defendants arrested and incarcerated Plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

88. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

89. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

90. Those customs, policies, patterns, and practices include, but not limited to:

   i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;
   ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;
   iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;
   iv. failing to properly train police officers in the requirements of the United States Constitution.

91. The aforesaid customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department directly cause, inter alia, the following unconstitutional outcomes:

      i.    arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;
      ii.   arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;
      iii.  falsifying evidence and testimony to support those arrests;
      iv.  falsifying evidence and testimony to cover up police misconduct;
      v.   subjecting individuals to intrusive strip searches in the absence of particularized suspicion.

92. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of the Plaintiff.

93. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

94. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

95. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department Plaintiff was unlawfully incarcerated.

96. Defendants, collectively and individually, while acting under the color of state law, were directly and actively involved in violating the constitutional rights of the Plaintiff.

97. Defendants, collectively and individually, while acting under the color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were

directly responsible for the violation of Plaintiff's constitutional rights.

98. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to:

   i. not to be deprived of liberty without due process of law;
   ii. to be free from seizures and arrest not based upon probable cause;
   iii. to be free from search not based upon the constitutionally mandated level of cause or suspicion;
   iv. to be free from unwarranted and malicious criminal prosecution;
   vi. to receive equal protection under the law;

**WHEREFORE**, Plaintiff demands judgment against the Defendants herein, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:   New York, New York
         March 26, 2015

                                   Yours, etc.

                                   _____
                                   JOSHUA N. STEIN
                                   GREENBERG & STEIN, P.C.
                                   COREY RODRIGUEZ
                                   Attorneys for Plaintiff(s)
                                   360 Lexington Avenue, Suite 1501
                                   New York, New York 10017
                                   (212) 681-2535
                                   Our File No. 5957-JNS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

COREY RODRIGUEZ

                                              Plaintiff(s),

              -against-

CITY OF NEW YORK, STEVEN MORAN, P.O. AND POLICE OFFICERS "JOHN DOE 1-3", as fictitious names of real individuals whose true identities are unknown at the present time

                                             Defendant(s).

---

**SUMMONS, COMPLAINT AND JURY DEMAND**

---

### GREENBERG & STEIN, P.C.
*Attorneys for "Plaintiff(s)"*
360 Lexington Avenue, Suite 1501
New York, New York 10017
(212) 681-2535

---

TO: